(120 App. Div. 874)

FOSTER v. CURTIS et al.

(Supreme Court, Appellate Division, First Department.    June 28, 1907.)

PLEADING—MOTION FOR BILL OF PARTICULARS—LEAVE TO RENEW.

Where plaintiff's motion for a further bill of particulars was denied because, his reply to defendant's counterclaim not being before the court, the counterclaim stood admitted, while a reply had in fact been served and by inadvertence was not submitted to the court, leave to renew the motion should have been granted.

Appeal from Special Term, New York County.

Action by Charles W. Foster against Henry F. Curtis and another. From an order denying plaintiff's motion to renew his application for a further bill of particulars and for the granting of a further bill of particulars, he appeals. Reversed.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, LAMBERT, and HOUGHTON, JJ.

Alexander S. Bacon, for appellant.

Alfred A. Cook, for respondents.

HOUGHTON, J. The motion of plaintiff for a further bill of particulars seems to have been denied on the ground that plaintiff's reply to defendants' counterclaim was not before the court, and hence that such counterclaim stood admitted. A reply had in fact been

served, but by inadvertence was not submitted to the court. It is manifest that, had plaintiff's reply been before the court on the original motion, a bill of particulars would properly have been ordered in large part as asked for. The plaintiff was entitled to know the names of the stocks or other securities claimed to have been purchased by defendant for the plaintiff, and the amounts and times of purchase or sale, and from or through whom bought, or to and through whom sold, and the time and manner of plaintiff's direction to defendants respecting such stocks, the times of defendants' reports to plaintiff, and the manner and times of plaintiff's confirmation or approval of the same. All these were matters of record in defendants' office, or, if not, were more peculiarly within defendants' knowledge than in that of plaintiff.

Under the circumstances leave to renew the motion should have been granted, and the order denying the same must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

(55 Misc. Rep. 454)

WATTS v. EQUITABLE LIFE ASSUR. SOCIETY OF THE UNITED STATES.

(Supreme Court, Special Term, Orange County.   June 29, 1907.)

INSURANCE—ACTION FOR SHARE OF PROFITS—ACCOUNTING—PLEADING.

